UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff(s),<br><br>  v.<br><br>RAYMOND J. MASTEN,<br><br>    Defendant(s).<br>PREMIERE SEDAN & LIMOUSINE SERVICE, INC.,<br>    Garnishee.<br>_____/ | No. C 10-80230 CRB (JCS)<br><br>**REPORT AND RECOMMENDATION ON DEFENDANT'S OBJECTION TO THE WRIT OF EARNINGS GARNISHMENT**<br>**[Docket No. 10]** |

## I.  INTRODUCTION

The above matter was referred to the undersigned for a report and recommendation on Defendant's Objection to a Writ of Earnings Garnishment. A hearing on the matter was held on December 10, 2010, at which counsel for Plaintiff appeared. The Defendant did not appear at the hearing.[1] Having considered the arguments and considered the briefs submitted, the Court recommends that the Defendant's objections be OVERRULED.

## II.  BACKGROUND

On September 1997, a judgment of conviction was entered in the United States District Court for the Central District of Illinois. Defendant Raymond Masten was convicted of three counts of mail fraud in violation of 18 U.S. § 1341, and two counts of money laundering, in violation of 18 U.S.C. § 1956(a)(a)(A)(i). He was committed to the Bureau of Prisons to serve a term of sixty months, followed by a three year term of supervised release.

---

[1] The Defendant did not appear at the date and time of the hearing. The Defendant apparently came to the courthouse after the hearing had concluded.

1  On August 10, 2010, the United States District Court for the Central District of Illinois
2  granted the United States' request for a Writ of Continuing Earnings Garnishment against Defendant
3  Raymond Masten. Upon the court's finding that the statutory requirements of 28 U.S.C. § 3205 had
4  been satisfied, the Honorable Joe B. McDade granted the Writ. Specifically, the district court found
5  that there was a court judgment against Raymond Masten in the amount of $1,449,961.00, consisting
6  of a special assessment in the amount of $250.00 and an order of restitution in the amount of
7  $1,449,711.00. As of August 23, 2010, the outstanding balance was $1,185,744.26. In the Clerk's
8  Notice providing Defendant with notice of the post-judgment Continuing Earnings Garnishment, the
9  court explained that "federal law limits earnings garnishments to the lessor of 25% of the disposable
10 earnings (total earnings minus legally required deductions) or the amount by which disposable
11 earnings exceed 30 times the federal minimum wage ($7.25 per hour x 30 $217.50 per week)." The
12 notice also provided Defendant Masten with the opportunity to object to the court order granting the
13 earnings garnishment. On September 13, 2010, Raymond Masten filed an objection to the earnings
14 garnishment and requested a hearing. At the Defendant's request, the case was transferred to the
15 Northern District of California on September 16, 2010. The case was subsequently referred to the
16 undersigned for a report and recommendation. This Court issued a briefing schedule and set a
17 hearing on the Defendant's objections.

18 **III.   DISCUSSION**

19     **A.    The Defendant's Objections**

20 In his objection, the Defendant does not argue that his earnings are exempt from
21 garnishment, nor does he dispute that he owes the restitution amount as alleged by the United States
22 and as set forth in the court order from the district court in Illinois. Rather, Defendant objects to the
23 garnishment on the grounds that he "is in poor health, having diabetes, heart problems, sleep apnea
24 and high blood pressure." *See* Docket No. 10 (Defendant's Response to Post-Judgment Earnings
25 Garnishment at 1). Defendant explains that he cannot afford health insurance and has over $28,000
26 in outstanding medical bills. He states that he requires his modest income for his medical debts, and
27 in order to purchase necessary medications due to his myriad health problems. *Id.* Defendant
28 indicates that he earns approximately $25,000 (although not explicitly stated, it appears that this is
his annual income). *Id.* Defendant states that of that amount, $12,000 are wages and the remainder

2

are tips. *Id*. Defendant also argues that if his employer is notified that he is a felon, he might lose his job. *Id.*

The United States responds that Defendant's employer and garnishee, Premier Sedan & Limousine Service responded to the writ on November 5, 2010. *See* United States' Response to Defendant's Objections, Exhibit A ("As of 10-15-10, Garnishee has withheld $217.50 and will continue to withhold 25% of non-exempt disposable earnings bi-monthly until further instructed."). The United States points out that Defendant's employer is prohibited under federal law from terminating Defendant's employment because of the garnishment order. United States' Response to Defendant's Objections at 2, *citing* 15 U.S.C. 1674.

With respect to the Defendant's arguments regarding his medical bills, the United States argues that Defendant should be required to pay the maximum permitted under the earnings garnishment statute, or 25% of his earnings, and not "put his own financial well-being above that of his victims" and that further, this Court should "balance any equities in favor of a criminal's victims rather than the criminal himself." *Id.*

### B. Legal Standard

The United States asks this Court to continue the Illinois district court's order permitting garnishment of 25% of the Defendant's disposable wages, relying on the provisions of the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. § 3205(a) *et seq*., which allows courts to garnish up to 25% of nonexempt disposable earnings in order to repay an outstanding debt. Several courts have explained that 25% is the maximum figure, and not a mandatory amount. *See e.g., United States v. George*, 144 F.Supp.2d 161, 165 (E.D.N.Y. 2001) (". . . nothing in the FDCPA states that 25% of nonexempt disposable income is the mandatory amount of any federal garnishment under the FDCPA; rather, all the pertinent statutory language indicates that 25% is a maximum figure."); *United States v. Kaye,* 93 F.Supp.2d 196, 198 (D. Conn. 2000) (finding in context of garnishment for purposes of restitution that court has the ability under 28 U.S.C. § 3013 to consider circumstances of individual defendant and award federal garnishment of nonexempt disposable earnings of less than 25%). Thus, the Court concludes that it has the discretion under 28

1  U.S.C. § 3013[2] and the cases cited above to consider the individual Defendant and his circumstances
2  when determining the amount of the earnings garnishment that is appropriate in this case.

   **C.   Application of the Law to the Facts of This Case**

The Court finds that the maximum amount of earnings garnishment, 25%, is justified under the circumstances of this case. First, although the Defendant argues that he has significant outstanding medical debts and ongoing medical expenses due to numerous health problems, he has failed to provide the Court with any detailed information to substantiate this claim. For example, the Defendant has provided no details regarding his medical expenses and outstanding debts, nor has he provided the Court with any information regarding his assets. Second, the Court rejects the Defendant's argument that no earnings garnishment order should be issued based upon his concern that he will lose his job once his employer learns that he has a criminal record. The Defendant's employer has been garnishing his wages since October 15, 2010, and there is no indication that Defendant has lost his job, or will lose it as a result of the earnings garnishment. Accordingly, the Court does not find it appropriate under § 3013 to modify the amount withheld in this case. The garnishment order should remain in effect unchanged.

**IV.   CONCLUSION**

For the foregoing reasons, the Court recommends that the Defendant's objections should be OVERRULED.

IT IS SO ORDERED.

Dated: January 3, 2011

_____
JOSEPH C. SPERO
United States Magistrate Judge

---

[2] Under § 3013, the court is authorized to deny, limit, condition, regulate, extend or modify "the use of any enforcement procedure under this chapter [*i.e.*, Chapter 176 of Title 28, in part pertinent to garnishments to collect judgments]."

4